220109

## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

KENNETH LAPORTE

VS.                                    CA NO:

ASPEN AEROGELS, INC., Administrator

ASPEN AEROGELS, INC WELFARE PLAN and HARTFORD LIFE AND ACCIDENT

INSURANCE CO.

### COMPLAINT IN CIVIL ACTION

NOW COMES  the Plaintiff,  Kenneth LaPorte by his attorney, Mark B. Morse, and
sets forth the following:

### JURISDICTION AND VENUE

Plaintiff brings this action to recovery damages and for equitable relief under the
provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.,
and particularly Section 510 (20 U.S.C. 1140), 20 U.S.C. 1104 *et seq*., and all other applicable
provisions of the Act to redress the termination of his Long-Term Disability Benefits, which was
done pretextually and with the purpose of interfering with a right to which he was entitled under
an employee benefit plan.

### THE PARTIES

1. Plaintiff is a citizen of the United States of America and a resident of 19 Wisteria Drive
Coventry RI 02816.  At all times material hereto, Plaintiff has been an employee of Aspen
Aerogels, Inc.  (hereinafter the Employer) since in or about February 2008, most recently as a
Chemical Operator II**.**

2. The Employer, incorporated in the Commonwealth of Massachusetts, with a principal place of business at 30 Forbes Road Building B Northborough MA 01532 is a corporation authorized to do business in the State of Rhode Island, doing business as a chemical processing company in the Commonwealth of Massachusetts and various locations throughout the United States.

3. The Employer is an  employer within the meaning of ERISA.

4. The Employer maintains an employee benefit plan known as the ASPEN AEROGELS, INC WELFARE PLAN (herein  the Plan) and Aspen Aerogels, Inc.  is the plan sponsor of the Plan within the meaning of ERISA.

5. Defendant ASPEN AEROGELS, INC (herein Plan Administrator), is a corporation which serves as the Plan Administrator of the Plan within the meaning of ERISA.

6. Defendant  Hartford Life and Accident Insurance Co.(hereinafter Hartford) is a corporation engaged in the business of insurance with a principal place of business in Lexington KY and which is authorized to do business in the State of Rhode Island.

## FACTUAL ALLEGATIONS

7. At all times material hereto, the Employer and the Plan Administrator caused  Hartford to have issued to the Employer a policy of group disability insurance for certain of the Employer's employees, including Plaintiff.

8. Pursuant to the terms and conditions of the aforesaid policy, Plaintiff was an insured under said policy.

9. The Plan Administrator administers the Plan through the aforesaid policy purchased from Hartford.

10.    By virtue of the relationship by and among the Employer, the Plan Administrator and Hartford jointly administer the Plan.

11.  The Plan is an employee benefit plan within the meaning of ERISA, and 29 U.S.C. '1002(4), 29 U.S.C. § 1104 et seq., and 29 U.S.C. § 1140.

12. On or about  May 20, 2017 Plaintiff sustained substantial injuries.

13. Since on or about May 20, 2017 Plaintiff has been unable to perform the substantial duties of his job or from any substantial and gainful employment.

14.  Since May 20, 2017 Plaintiff has been diagnosed with various debilitating injuries and illnesses, including: cervical radiculopathy, left arm pain, stiffness and joint pain,  weakness, numbness,  radiation down arm, constant severe pain, loss of dexterity, multi level spinal degenerative changes, headaches, anterior cervical diseconomy and fusion, difficulty sleeping,  stiffness and joint pain,—arm feels dead and numb.

15.  As a result of his injuries and illnesses, since on or about May 20, 2017, Plaintiff  has been, and continues to be, disabled within the meaning of the Plan.

16. Commencing on or about August 19, 2017, following the applicable elimination period, Plaintiff was entitled to Long-Term Disability Benefits.

17. On or about November 22, 2019 the Plan Administrator, and Hartford discontinued Plaintiff's disability benefits, even though he remained disabled within the meaning of the Plan.

18. Plaintiff filed a timely appeal of the termination of his benefits in accordance with the Plan requirements and instructions in the initial letter of denial,  however, on or about January 22, 2020 the Plan Administrator and Hartford denied Plaintiff's appeal.

19. There was, and is, no legal or factual basis for denial of the claims presented by Plaintiff.

20. Plaintiff has complied with all requirements of the administrative claims procedures as set forth in the Plan.

21.  Plaintiff met all of the conditions and qualifications for payment of Long-Term Disability Benefits and is entitled to receive and Defendants obligated to pay same.

22. Defendants have failed to keep their agreements and promises by refusing to pay Long-Term Disability Benefits under the group disability policy and the Plan, and in so doing have breached same.

23. Plaintiff is totally disabled as defined under the terms of the Plan, and is entitled to Long Term Disability Benefits pursuant to the Plan.

## (ERISA VIOLATION, 29 U.S.C.§1001 ET SEQ.)

24. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 23, inclusive, as if more fully set forth herein.

25. The Plan Administrator and  Hartford owe the obligation to completely, fairly and accurately evaluate and process all claims and pay those claims in a non arbitrary and capricious manner.

26. Since on or about  August 19, 2017 Plaintiff has been entitled to Long-Term Disability Benefits under the terms of the Plan.

27. The Plan Administrator and Hartford  terminated Plaintiff's benefits and have refused to pay Plaintiff's benefits in violation of the written provisions of the Plan.

28. The denial of Plaintiff's disability benefits by the Plan Administrator and Hartford constitute a purposeful and arbitrary and capricious interference with Plaintiff's right to benefits under the employee benefit plan.

29. Hartford  has acted under an inherent conflict of interest in both funding and administering benefits under the Plan.

30. By virtue of the actions of the Plan Administrator and Hartford, the defendants have breached their fiduciary obligations.

WHEREFORE, Plaintiff requests that this Court exercise jurisdiction over her claims and award:

(A) Full Legal and equitable relief under ERISA, including Long-Term Disability Benefits and prejudgment interest;

(B) Compensatory damages;

(C) Attorney's fee and costs of this action; and

(D) Such other relief as the law and equity will allow.

Plaintiff
By his Attorneys,
Law Office of Mark B. Morse, LLC

/s/ Mark B. Morse
_____

Mark B. Morse
RI Bar Reg No 3003
420 Angell Street
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
email: mark@morselawoffice.com